IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LISA MORALES                                                                                   PLAINTIFF

VS.                                                                 CIVIL ACTION NUMBER: 3:08-CV-005

ELIJAH McDONALD, JR.; ALLIED
AUTOMOTIVE GROUP, INC.; ALLIED
SYSTEMS, LTD.; JOHN DOE PERSONS
1-10; AND JOHN DOE ENTITIES 1-10                                                   DEFENDANTS

**ORDER**

This cause comes before the court on the motion of plaintiff Lisa Morales to remand this case to the Circuit Court of Montgomery County. Plaintiff filed this action on August 15, 2007, seeking recovery for injuries suffered in an automobile accident involving defendant Elijah McDonald. The complaint alleges that McDonald negligently drove his truck in the course and scope of his employment at defendant Allied Automotive Group (Allied), thereby causing plaintiff significant injuries. On January 10, 2008, Allied removed the case to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. McDonald is, like plaintiff, a Mississippi resident, and it is thus clear that, contrary to the removal petition, diversity of citizenship is lacking in this case. The allegations of negligent driving in this case are garden-variety tort claims, and the court sees no reason to suspect that these claims are a sham in order to defeat diversity jurisdiction.

Defendant notes that, at the time of removal, plaintiff had not yet served process upon McDonald, and it essentially argues fraudulent joinder of that defendant on this basis. However, the running of the 120-day service period would only give rise to a finding of

fraudulent joinder if plaintiff had "no reasonable possibility of recovery" against McDonald as a result of this belated service. Defendant removed this case very soon after the 120-deadline for service had passed, and the Mississippi Rules of Civil Procedure provide plaintiffs with a procedural vehicle to have belated service of process excused, upon a showing of "good cause." *See* Miss. R. Civ. P. 4(h).

It is thus apparent that, but for defendant's decision to immediately remove this case, plaintiff would have had procedural options to serve McDonald out of time. Given that such a short period of time had passed after the expiration of the 120-day service period, and considering that plaintiff represents that she had made good faith efforts to serve McDonald, the court suspects that most trial courts would approve the requested extension of time to serve process. Indeed, the Circuit Court of Montgomery County did, in fact, enter an order on January 23, 2008, granting plaintiff additional time to serve process upon McDonald. Defendant correctly notes that this order is void, since this court has had jurisdiction over the case since its removal to federal court. The court concludes, however, that it should remand this action to state court so that the circuit court may (if it so chooses) re-enter its prior order authorizing a belated service of process.[1] At any rate, diversity of citizenship is clearly lacking in this case, and plaintiff's motion to remand is therefore due to be granted.

---

[1]Defendant argues that the statute of limitations ran on January 27, 2008, but it is for the circuit court to determine whether, as appears likely, this limitations period should be deemed tolled during its time in federal court. *See, e.g. Boston v. Hartford Acc. & Indem. Co.*, 822 So.2d 239 (Miss. 2002) (finding statute of limitations was tolled while case was pending in federal court).

It is therefore ordered that plaintiff's motion to remand [5-1] is granted.

So ordered, this the 22nd day of May, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**